IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| MATT CARROLL<br>1035 Saxon Hill Drive<br>Cockeysville, Maryland 21030<br><br>    Plaintiff,<br><br>v.<br><br>DAN RAINVILLE & ASSOCIATES, INC.<br>7715 Old Harford Road<br>Parkville, Maryland 21234<br><br>Serve:    LEONARD RAINVILLE<br>          7715 Old Harford Road<br>          Parkville, Maryland 21234<br><br>And<br><br>LEONARD RAINVILLE<br>7715 Old Harford ROad<br>Parkville, Maryland 21234<br><br>    Defendants. | CIVIL ACTION NO.: |

## COMPLAINT

Plaintiff Matt Carroll (hereinafter, "Plaintiff"), by and through undersigned counsel, hereby submits this Complaint against Defendants Dan Rainville & Associates, Inc. ("DRA") and Leonard Rainville ("Rainville") (together, "Defendants") for violations of the Federal Fair Labor Standards Act of 1938, as amended, 29 U.S.C. §§ 201 *et seq.* ("FLSA"), the Maryland Wage and Hour Law, Maryland Code Annotated, Labor and Employment Article §§ 3-401 *et seq.* (hereinafter "MWHL"), and the Maryland Wage Payment and Collection Law ("MWPCL"), Maryland Code, Labor and Employment Article §§ 3-501 *et seq.*

## PARTIES AND JURISDICTION

1. Plaintiff is an adult resident of the State of Maryland. By acting as the named Plaintiff in this matter, Plaintiff does hereby affirm his consent to participate as Plaintiff in an action seeking damages against Defendants under the FLSA, MWHL, and MWPCL.

2. DRA is a corporation formed under the laws of the State of Maryland with its principal place of business in Baltimore County, Maryland. At all times, Defendants have owned and operated the a business of selling and installing commercial HVAC and ventilation units in the State of Maryland and surrounding states and geographic areas..

3. At all times, Rainville was the primary owner and controlling officer of DRA. In this capacity, Rainville, individually, managed and supervised Plaintiff's work duties, had the power to hire, fire, suspend, or discipline Plaintiff, set Plaintiff's work hours and work schedules, set Plaintiff's rate and method of compensation, and personally maintained or caused to be maintained all employment records relating to Plaintiff.

4. At all times material herein, Defendants annual gross volume of sales made or business done in an amount exceeding $500,000.00.

5. Defendants were both the "employer" for Plaintiff for purposes of the FLSA, MWHL, and MWPCL and Plaintiff was at all times an employee with rights and protections under the FLSA, MWHL, and MWPCL.

6. At all times, Defendants engaged in interstate commerce and were otherwise engaged in commerce or in the production of goods for commerce within the meaning of § 3(s)(1) of the FLSA (29 U.S.C. § 203(s)(1)).

7. At all times, Defendants qualified as an "enterprise" within the meaning of § 3(r) of the FLSA (29 U.S.C. § 203(r)).

8. At all times, Plaintiff and more than two other individuals employed by Defendants were employees who handled and participated in selling goods, services, and products that crossed state lines and were otherwise engaged in commerce or the production of goods for commerce as required by 29 U.S.C. §§ 206-207.

9. This Court has jurisdiction over Defendants pursuant to § 16(b) of the FLSA, 29 U.S.C. §216(b), and 28 U.S.C. § 1337 relating to "any civil action or proceeding arising under any Act of Congress regulating commerce." Subject matter jurisdiction is invoked under 28 U.S.C. § 1331.

10. Venue is proper pursuant to 28 U.S.C. § 1391.

## FACTS

11. Plaintiff was employed by Defendants for the period of about December 2012 through about January 3, 2017.

12. For the period of about December 2012 through about June 2014, Plaintiff worked as an estimator at the rate of $15.00 per hour.

13. From about July 2014 through about August 2016, Plaintiff worked both as an estimator and performing inside sales for which he was paid hourly at a rate that gradually was increased from $25.00 per hour to $28.50 per hour plus commissions of 20% on sales as set forth in a Sales Agreement assented to by Plaintiff and Defendants.

14. For the period of about September 2016 through the end of his employment, Plaintiff performed outside sales and was to be paid on a pure commission basis as set forth under the Sales Agreement.

15. For the period of about January 2016 through about August 2016, Defendants required Plaintiff to perform substantially more job duties than what was previously typical.

3

16. During the period of about January 2016 through about August 2016, Plaintiff typically and customarily worked about fifty (50) or more hours per week.

17. At all times during Plaintiff's employment, Defendant had knowledge of all hours Plaintiff worked including hours worked in excess of forty (40) per week.

18. During the period January 2016 through August 2016, Defendants instructed Plaintiff to perform additional tasks beyond Plaintiff's typical workload with knowledge the additional tasks would require Plaintiff to regularly come into work very early resulting in Plaintiff working about fifty (50) or more hours per week.

19. Notwithstanding Defendants' knowledge that Plaintiff worked about fifty (50) hours per week during the period January 2016 through August 2016, Defendants' instruction to Plaintiff to do so, and Defendants' knowledge of the additional time worked and duties performed, for this period, Defendants only paid Plaintiff for hours worked up to but not exceeding forty (40) hours per week at Plaintiff's regular hourly rate of $26.75 per hour.

20. For the hours Plaintiff worked in excess of forty (40) per week, Defendants should have paid Plaintiff at the time-and-one-half rate required by the FLSA and Maryland law.

21. Defendants now owe Plaintiff about $13,642.50 in unpaid overtime wages for hours worked more than forty (40) per week during the period January 2016 through about August 2016 (($26.75 per hour * 1.5 = $40.13) * 10 (average) overtime hours per week) = $401.13 overtime wages owed per week * 34 weeks = $13,642.50).

22. Further, as set forth above, for the time period of about January 2016 through August 2016, Defendants were obligated - - pursuant to the Sales Agreement - - to pay Plaintiff earned commissions for sales made associated with his part-time inside sales duties.

23. Without excuse or justification, Defendants failed and refused to pay Plaintiff earned commission wages for this time period in the amount of approximately $7,343.18.

24. At all times during Plaintiff's employment, Defendants had knowledge of the Federal and Maryland time-and-one-half overtime pay requirement.

25. At all times, Defendants had knowledge their failure to pay Plaintiff at the time-and-one-half rate for hours worked more than forty (40) per week during the period January 2016 through August 2016 was in direct violation of Federal and Maryland law.

26. Defendants' failure to pay Plaintiff overtime wages and earned commissions was willful and intentional and was not the product of good faith or any *bona fide* dispute.

## CAUSES OF ACTION

### COUNT I
### Violation of Federal Fair Labor Standards Act

27. Plaintiff re-alleges and re-asserts every allegation set forth above as if each were set forth herein.

28. Pursuant to the FLSA, Defendants, as Plaintiff's employers, were obligated to compensate Plaintiff at the overtime rate of one-and-one-half (1½) times Plaintiff's regular rate of pay for all hours worked per week more than forty (40).

29. As set forth above, while in Defendants' employ, during the period of about January 2016 through about August 2016, Plaintiff regularly worked hours in excess of forty (40) per week.

30. As set forth above, Defendants failed to compensate Plaintiff properly and as required by the FLSA for overtime hours worked.

31. Defendants' actions of violating Plaintiff's FLSA overtime compensation rights was willful and intentional and was not the product of objective good faith or otherwise objectively reasonable.

WHEREFORE, Defendants are liable, jointly and severally, to Plaintiff for all unpaid FLSA required wages in such an amount as is proven at trial, plus an equal amount in liquidated damages, interest (both pre- and post- judgment), reasonable attorney's fees, the costs of this action, and any other and further relief this Court deems appropriate.

## COUNT II
### Violation of the Maryland Wage Hour Law

32. Plaintiff re-alleges and reasserts every allegation set forth above as if each were set forth herein.

33. Pursuant to the MWHL, Defendants, as Plaintiff's employers, were obligated to compensate Plaintiff at the overtime rate of one-and-one-half (1½) times Plaintiff's regular rate of pay for all hours worked per week more than forty (40).

34. As set forth above, while in Defendants' employ, during the period of about January 2016 through about August 2016, Plaintiff regularly worked hours in excess of forty (40) per week.

35. As set forth above, Defendants failed to compensate Plaintiff properly and as required by the MWHL for overtime hours worked in the State of Maryland.

36. Defendants' actions of violating Plaintiff's MWHL overtime compensation rights was willful and intentional and was not the product of objective good faith or otherwise objectively reasonable.

WHEREFORE, Defendants are liable, jointly and severally, to Plaintiff for all unpaid MWHL required wages in such an amount as is proven at trial, plus an equal amount in liquidated damages, interest (both pre- and post- judgment), reasonable attorney's fees, the costs of this action, and any other and further relief this Court deems appropriate.

## COUNT III
### Violation of Maryland Wage Payment and Collection Law

37. Plaintiff re-alleges and re-asserts every allegation set forth above as if each were set forth herein.

38. Without legal excuse or justification, Defendants (1) withheld and failed to pay overtime compensation as required by Maryland law and (2) withheld and failed to pay Plaintiff earned commissions as required by Maryland law.

39. At the end of Plaintiff's employment, and to date, Defendants have failed to pay Plaintiff all wages due and owing for work performed while in Defendants' employ.

40. Defendants' failure to pay wages due to Plaintiff as required by the MWPCL was willful and intentional and was not the result of any *bona fide* dispute between Plaintiff and Defendant.

WHEREFORE, Defendants are liable, jointly and severally, to Plaintiff under Count III for all unpaid wages in such an amount as is proven at trial, plus two times (2x) the amount of unpaid wages as additional or liquidated damages (a total of trebled damages), interest (both pre- and post- judgment), reasonable attorney's fees, costs, and any other and further relief this Court deems appropriate.

Respectfully submitted,

_____
Gregg C. Greenberg, Bar No. 17291
Zipin, Amster & Greenberg, LLC
8757 Georgia Avenue, Suite 400
Silver Spring, Maryland 20910
Phone: 301-587-9373
Fax: 240-839-9142
Email: ggreenberg@zagfirm.com

*Counsel for Plaintiff*