**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND**

| | |
|---|---|
| MATT CARROLL | * |
| | * |
| PLAINTIFF | * |
| v. | *   Case No.: 1:17-cv-849-SAG |
| | * |
| DAN RAINVILLE & ASSOCIATES, INC, ET AL. | * |
| | * |
| DEFENDANTS. | * |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

## JOINT MOTION FOR APPROVAL OF SETTLEMENT AGREEMENT

The Parties, by and through undersigned counsel, jointly seek approval of their settlement of Plaintiff's claims against Defendants under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq*.

### I.   THE COURT SHOULD APPROVE THE PARTIES' SETTLEMENT

An employee may only release claims for wages pursuant to the FLSA under the supervision of the Secretary of Labor or by Court approval. To this end, courts have held that the parties must file the Settlement Agreement with the Court for review and approval for reasonableness. *Brooklyn Savings Bank v. O'Neil*, 324 U.S. 697 (1945); *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1353 (11th Cir. 1982); *Hoffman v. First Student, Inc.*, 2010 U.S. Dist. LEXIS 27329 (D. Md. 2010); *Lopez v. NTI, LLC*, 748 F. Supp. 2d 471 (D. Md. 2010). This Court typically considers the following factors in reviewing an FLSA settlement:

> (1) the extent of discovery that has taken place; (2) the stage of the proceedings, including the complexity, expense and likely duration of the litigation; (3) the absence of fraud or collusion in the settlement; (4) the experience of counsel who have represented the plaintiffs; (5) the opinions of class counsel and class members after receiving notice of the settlement whether expressed directly or through failure to object; and (6) the probability of plaintiffs' success on the merits and the amount of the settlement in relation to the potential recovery.

*Lomascolo v. Parsons Brinckerhoff, Inc.*, 2009 WL 3094955, at *10-11 (E.D. Va. 2009)

(citing *Flinn v. FMC Corp.*, 528 F.2d 1169, 1173-74 (4th Cir. 1975)).

In this matter, Plaintiff alleges that during the period of about January 2016 through about August 2016, Plaintiff typically and customarily worked about fifty (50) or more hours per week for which Defendants paid Plaintiff wages for hours worked up to but not exceeding forty (40) per week.  Plaintiff alleges that, for the hours he worked in excess of forty (40) per week, Defendants should have paid Plaintiff at the time-and-one-half rate required by the FLSA and Maryland law in the total amount of about $13,642.50.  Further, Plaintiff alleges that, without excuse or justification, Defendants failed to pay Plaintiff earned commission wages in the amount of approximately $7,343.18.

In response, Defendants deny Plaintiff's factual allegations.  Defendants deny that Plaintiff was a nonexempt employee, deny that Plaintiff worked hours in excess of forty (40) per week and deny Plaintiff is owed or entitled to commission wages.  Instead, Defendants contend that Defendants overpaid Plaintiff draws for the time period Plaintiff worked in a commissioned sales capacity and that Plaintiff owes Plaintiff a substantial reimbursement of draws that more than offset any potential liability in the instant case.  Further, Defendants contend Plaintiff engaged in tortious activity post-employment in violation of Plaintiff's restrictive covenant and fiduciary obligations to Defendant for which Defendants intend to prosecute claims against Plaintiff in Maryland state Court.

The parties together recognized this case should settle rather than endure the risks, uncertainties, and increased fees and costs associated with prolonged litigation.  The parties engaged in an exchange of substantial written discovery and document exchange.

The exchange of discovery highlighted material differences between the positions of the parties regarding the actual compensable hours Plaintiff worked on an average weekly basis

for which wages may be due.  The stark differences between the parties' factual assertions and legal arguments evinced Plaintiff's difficulty in proving that he worked the hours alleged and that he was entitled to recover unpaid commissions.  The discovery production also highlighted Defendants' difficulty in asserting a legally valid offset defense based upon draws previously paid.  These factual differences motivated the settlement of this matter.

The settlement between the parties, which is memorialized as the Settlement Agreement attached to this Motion, is in the total amount of SEVEN THOUSAND FIVE HUNDRED DOLLARS AND ZERO CENTS ($7,500.00) divided:  $3,000.00 as alleged unpaid wages and statutory liquidated damages to Plaintiff and $4,500.00 to Plaintiff's counsel for attorney's fees and costs.[1]

In that the Parties understood the scope of potential damages, counsel for the parties negotiated a Settlement Amount with monetary and non-monetary terms at arms-length.  There was no fraud or collusion in the agreement.

Prior to the settlement, Plaintiff was given an opportunity to review all relevant documents relating to his wage and tort claims, considered the potential value of his claims, strongly considered the strength of Defendants' defenses, and concluded that the proposed settlement provides a fair, reasonable and expeditious resolution of his claims.

Defendants support the settlement and terms of the Agreement because the settlement eliminates the uncertainties, risks, delay and expenses of further litigation.

As to the fourth factor, Plaintiff's counsel has extensive experience in investigating, litigating, and settling FLSA claims. Zipin, Amster & Greenberg, LLC has litigated numerous

---

[1] Plaintiff's counsel's fees and costs were negotiated separately from Plaintiff's unpaid wages and other damages paid in the settlement.  The amount paid by Defendants to Plaintiff's counsel for fees and costs is roughly one-third (1/3) of counsel's fees and costs calculated pursuant to the lodestar method.

FLSA claims in this Court, the United States District Court for the District of Maryland, the United States District Court for the District of Columbia, and various other Federal and State Courts across the country. Plaintiff's counsel is well equipped to advise, and has advised Plaintiff as to the suitability of the settlement proposed by the parties to this case.

The fifth factor is not relevant here as to this matter. Plaintiff never sought to have this matter certified or conditionally certified as a collective action.

As to the sixth factor, a settlement of an employee's FLSA claims should be approved "if the settlement does reflect a reasonable compromise over issues, such as FLSA coverage or computation of back wages, that are actually in dispute." *Lopez*, 758 F. Supp. 2d at 477 (internal citations omitted).

Courts have recognized "a role for less-than-full-value compromise in the FLSA settlement process." *Id.* These compromises reflect many factors, including disagreements over the number of hours worked. *See id.*

Here, Plaintiff's entitlement to unpaid wages and/or the amount of unpaid wages owed by Defendants to Plaintiff was at all times in fierce dispute. The parties understood that, with starkly different factual and legal positions and disputed time records relating to Plaintiff's employment, both sides bore a substantial risk if the matter proceeded to trial. Both sides recognized and accepted a less-than-full value of settlement as the wise resolution of Plaintiff's claim.

Moreover, Plaintiff understands that, by entering into the Settlement Agreement, and in consideration of the promises made by the Defendants as set forth therein, Plaintiff agrees (i) to dismiss the lawsuit with prejudice; and, furthermore (ii) to a mutual release and waiver of any and all causes of action, claims, demands, damages, attorney's fees, costs or charges that he or it

may have had at any time prior to the date of the Settlement Agreement.  Plaintiff acknowledges his decision to settle the lawsuit is voluntarily made of his own accord, without any pressure, coercion or undue influence by anyone.

## II.     CONCLUSION

The parties are satisfied with the terms of the settlement.  As such, the parties jointly request that this Court approve their Settlement Agreement as fair and reasonable, and suspend this matter from the active docket pending the parties' compliance with the payment terms of the Settlement Agreement.  <u>Finally, to avoid additional attorney's fees and costs on both sides, and to expedite the settlement, the parties jointly request this Court to approve this settlement without oral argument.</u>

                                                  Respectfully submitted,

                                                      /s/ Gregg C. Greenberg
                                                  Gregg C. Greenberg, Bar No. 17291
                                                  Zipin, Amster & Greenberg, LLC
                                                  8757 Georgia Avenue, Suite 400
                                                  Silver Spring, Maryland 20910
                                                  Phone:  (301) 587-9373
                                                  Email:  ggreenberg@zagfirm.com

                                                  *Counsel for Plaintiff*

                                                      /s/ Donna M.B. King
                                                  Donna M.B. King, Bar No. 13663
                                                  Law Office of Donna M.B. King, LLC
                                                  309 West Pennsylvania Avenue
                                                  Towson, Maryland 21204
                                                  Phone:  410-494-1005
                                                  Email:  dking@dking-law.com

                                                  *Counsel for Defendants*